Joseph I. Delaney, one of the Executors of the last will
and testament of John M. Blum, deceased, Appellant, *v.*
George W. Thompson, Executor of the last will of
Annie Blum, deceased, Miner's Deposit Bank of Ly-
kens, Pa., First National Bank of Millersburg, Pa., the
Market Street National Bank of Philadelphia, Pa., the
Elizabethville Water Company of Elizabethville, Pa.,
the Williams Valley Water Company, the Williams
Valley Railroad Company, the Williams Valley Light,
Heat and Power Company and George W. Thompson.

*Equity—Answer—Evidence.*

The evidence of two witnesses, or one witness and strong corroborating
testimony, being necessary to overcome the denial under oath in the an-
swer of the allegations in the bill that plaintiff's testate executed a transfer
in blank of stock, and that the name of his wife was thereafter fraudulently
inserted, declarations of testate that he so signed it, and the fact that there-
after dividends were paid by checks to his order, and that the amounts
were placed to his credit, are insufficient.

*Equity—Evidence—Findings of fact—Conclusiveness of findings.*

The Supreme Court will not reverse a decree of the lower court dis-
missing a bill in equity which was filed to compel a retransfer of stock,
where the lower court finds upon sufficient evidence that the owner of the
stock directed that the name of the transferee should be inserted in the blank
transfer before signing the transfer, and that, after the name of the trans-
feree had been so inserted, he signed the transfer and delivered the cer-
tificate to the transferee with the intention of passing the title to her.

Argued May 30, 1898. Appeal, No. 8, May T., 1898, by
plaintiff, from decree of C. P. Dauphin Co., Jan. Term, 1896,
No. 220, Equity Docket, dismissing bill in equity. Before
STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and
FELL, JJ. Affirmed.

Bill in equity to compel a retransfer of stock.

The facts appear by the opinion of SIMONTON, P. J., which
was as follows:

This is a bill in equity filed by the plaintiff against the
defendant Thompson and others, seeking to compel the defend-

ants to retransfer to the estate of John M. Blum, deceased, certain shares of stock in the several corporations named in the bill, which it is alleged were fraudulently appropriated to her own use by Annie Blum, now deceased, of whose will defendant Thompson is executor and devisee.

The bill avers in substance that in May, 1893, John M. Blum was the owner of certain shares of stock in several corporations, worth more than $20,000; that on May 29, 1893, for the purpose of enabling the executors of his last will after his decease to more readily transfer said stocks "to the best interest of his estate," he signed and sealed blank forms of letters of attorney printed on the stock certificates and blank transfers of the stocks; that he did not name in the transfers any transferee or beneficiary, and did not deliver the certificates to or for the use of any person, nor intend the transfers to take effect in his lifetime; but that when he died on September 23, 1893, he was the absolute owner and holder of the stocks, which thereupon became and were part of his estate; that on October 9, 1893, letters testamentary on his estate were duly issued to George W. Thompson, the defendant, and Joseph I. Delaney, the plaintiff in the bill, and that the plaintiff has since been the active executor; that, after the decease of John M. Blum, Annie Blum, his wife, caused the letters of attorney indorsed on the backs of the certificates for these stocks to be altered by the insertion of her name therein, so as to make it appear that she was the beneficiary or assignee of said stocks, when in truth and in fact John M. Blum intended the stocks to be, after his decease, the property of his estate; that thereafter, by means of the transfers so altered, Annie Blum procured the assignment upon the books of the respective corporations of the shares of stock represented by said certificates respectively, and surrendered the certificates and procured new certificates to be issued to her in their stead; that Annie Blum died on November 23, 1895, after having made a will appointing defendant, George W. Thompson, executor and chief legatee and devisee therein, and that he has since continued to act as such executor; and that he claims that all these stocks were duly assigned and delivered to Annie Blum by John M. Blum in May, 1893; and that by virtue of her last will he is now the absolute owner of said several shares of stock.

George W. Thompson, the defendant, answering under oath

to the bill, avers that in May, 1893, John M. Blum signed, sealed and delivered to his wife, Annie Blum, a transfer of the shares of stock mentioned in plaintiff's bill; that the name of Annie Blum was written by him in said transfers before they were signed, and that wherever the contrary is averred in the bill the averment is false and untrue; that it was the expressed intention of Blum that his wife's name should be, and that it was at his request, inserted before he signed the transfers; that in accordance with this intention he delivered the certificates to his wife, Annie Blum, who took and retained possession of them from that time until her death, and that wherever the contrary is averred in the bill it is false and untrue; that the stocks mentioned in the bill belong absolutely to Annie Blum and to her estate, and that she had the right to transfer and use them as she pleased, and that every allegation in the bill that the transfers of stock, or any of them, were made to Annie Blum by means of any forged or altered letters of attorney, or that any fraud was used or practised in the transfer of said stocks, or any of them, is absolutely false and untrue.

The several corporations whose shares are thus brought into controversy are made defendants and have filed answers denying all knowledge of fraud, and submitting themselves to the judgment of the court. Replication has been filed to the answers, and the case thus at issue came on duly for trial.

We find the facts to be as follows:

John M. Blum in May, 1893, was the owner of the shares of stock mentioned in the bill and referred to in the answer, the whole value of which was over $20,000. On May 29, 1893, Blum, in the presence of George W. Thompson, signed his name to the printed transfer blanks contained on the back of the several certificates of stock. Some of these blanks contained space for the insertion of the name of attorneys authorized to transfer the shares upon the books of the corporations and others did not. On the next day, May 30, Blum informed Joseph I. Delaney, the plaintiff in this case, who was his confidential clerk, that he had signed these transfers in blank, and that the purpose of the transfer was to avoid payment of collateral inheritance tax in case of his death, and that he intended that Delaney and Thompson, who were the executors of his will, should dispose of these shares after his death to the best interest of his estate. Dela-

ney thereupon suggested to him that if this were so it ought to be put in writing, and on the next day Blum signed a paper written by Delaney, of which the following is a copy:

"LYKENS, Pa., May 31, 1893.

" To whom this may concern :

" This is to certify that I have this day transferred in blank all my certificates of bank stocks, water stock, electric light stock, etc., and authorize the executors mentioned in my will to dispose of the said stock to such parties and at such times as they may consider proper and to the best interest of my estate. Witness my hand and seal.

" Witness :      (Signed)  JOHN M. BLUM.  [seal]
" AMBROSE BOTT,
" J. I. DELANEY."

The dividends paid upon some of these stocks in the summer of 1893 were received by, and placed to the account of, John M. Blum. On September 23, 1893, Blum died, and soon thereafter his will was proved and letters testamentary were issued to Joseph I. Delaney and George W. Thompson. In October, 1893, Annie Blum and George W. Thompson procured transfers of the shares to be made on the books of the several corporations by surrendering the old certificates and obtaining new certificates in the name of Annie Blum.

During the taking of the appraisement on the estate of John M. Blum, and in the presence of Joseph I. Delaney, one of the appraisers asked George W. Thompson whether there were any bonds or stocks of any kind belonging to the estate, to which Thompson replied that the stocks had been given to Annie Blum. To this statement Delaney made no objection or answer.

Annie Blum subsequently died, having made her last will devising practically all her estate to George W. Thompson and appointing him executor of her will. From October, 1893, until her death, she claimed to be owner of the stocks in question, and Thompson has since claimed to own them by virtue of the devise in his mother's will. Thus far there is practically no conflict of evidence.

The claim of the plaintiff is that the transfers indorsed on the backs of the several certificates of shares were signed by John M. Blum in blank, and that the certificates remained in

his possession until his death ; that afterwards they were taken
into the possession of Annie Blum and her name was fraudu-
lently inserted as the transferee, and that by this means she
procured the stocks to be transferred to her on the books of the
respective corporations.

To establish this claim Joseph I. Delaney was called, who
testified that on the day after the transfers were signed John
M. Blum told him that the assignments had been made in
blank ; that he suggested to Blum that if this was so it ought
to be stated in writing, and that at his suggestion and with the
concurrence of Blum he reduced to writing the substance of
Blum's statement, which was signed the next day, May 31, by
Blum in the presence of the witness and one Ambrose Bott.
Bott testified that he witnessed the signature of Blum to the
paper in question, but knew nothing of its contents.   The
paper, as set out above, was offered and received in evidence,
and with it before us, in connection with the testimony, we
have no doubt that it was written and signed as stated, nor
have we any reason to doubt that it contains the substance of
what was said by Blum to Delaney.

[There is a comparatively little evidence in the case to cor-
roborate the statement in the paper that the assignments were
executed in blank, and thus to warrant the inference that the
name of Annie Blum was, as is alleged in the bill, inserted in
the transfers after they were signed by Blum.   The fact that
the dividends were paid by checks to the order of John M.
Blum after May 29, and that the amounts were placed to his
account, is in our opinion not of any controlling weight.] [2]

[Counsel for the plaintiff lay great stress on the evidence
which, as they contend, is to be found in the appearance of the
handwriting in the transfers and (they say) the use of different
inks, showing that the writing was not all done at the same
time ; but after the most careful scrutiny we are compelled to
say that this is not so evident as to enable us to draw any in-
ference from the appearance of the writings.] [3]

Defendants called George W. Thompson as a witness, but he
was objected to as incompetent, because he offered to testify to
what had occurred during the lifetime of John M. Blum, ad-
versely to the interests of his estate, and for this reason he was
excluded.   In his answer, however, directly responsive to the

allegations in the bill, he expressly denies that the name of Annie Blum was inserted in the transfers at a subsequent time, and avers that it was inserted at the request of John M. Blum before he signed the transfers.

[In view of the well established principle in equity that the oath of the defendant, which is directly responsive to, and in denial of, the allegations in the bill, must stand unless met by the evidence of two witnesses or of one witness and strong corroborating circumstances, we think the plaintiff has failed to establish the central and fundamental allegation, namely, that the assignments were executed in blank, as to the transferee, and that the name of Annie Blum was afterwards fraudulently inserted.] [5]

Joseph I. Delaney does not testify to any actual knowledge on the question whether the name of Annie Blum was contained in the certificates at the time they were signed by John M. Blum, May 29, 1893, but only that Blum told him that the transfers were signed in blank. The only direct evidence we have on this point is, therefore, the statement of Blum not on oath, made orally to Delaney, and repeated in the written paper.

The admission of the paper in evidence was objected to by the counsel for defendant. [But at that stage of the case we thought the relative dates were not so certain as to show that these declarations were not practically contemporaneous with the signing of the paper, and therefore part of the res gestæ. We find, however, that the dates are fixed and undisputed; that the transfers were signed May 29, the verbal declarations of Blum were made May 30, and were committed to writing May 31. They were therefore not part of the res gestæ. Hence we have very grave doubts whether either the oral or the written declarations of Blum are competent testimony.] [7] They seem to be simply statements made by him, not under oath and not against his interest, and we are not satisfied that they come within any of the exceptions to the rule that hearsay evidence is inadmissible. [But it is not important to dwell on this, for even if Blum's declarations were admitted, we do not find in all the testimony produced by the plaintiff enough to overcome the presumption of innocence and of title in defendant arising from the possession of the certificates of stock, or the

equivalent of one witness and strong corroborating testimony necessary to overbalance the sworn statement of defendant in his answer that the name of Annie Blum was inserted in the transfers at Blum's request before they were signed, and that Blum signed, sealed and delivered them to his wife, Annie Blum, and that wherever it is averred otherwise in the bill the allegations are false and untrue.] [6]

[We therefore find as a fact that the name of Annie Blum was inserted in the transfer blanks contained on the back of the respective certificates of shares at the request of John M. Blum and before he signed the transfers, and that he did so sign and deliver them to Annie Blum with the purpose and effect of transferring the shares represented by the certificates to her, and that they thereupon became her property and were subject to her disposal and were lawfully transferred by the corporations defendants to her.] [4]

The plaintiff having failed to establish the fundamental fact upon which his case depends the bill is ordered to be dismissed, but in view of the fact that plaintiff is acting in a representative capacity, it is ordered that the costs be paid by the estate of John M. Blum, deceased.

*Errors assigned* among others were (2–7) portions of opinion as above, quoting them ; (10) in dismissing plaintiff's bill.

*Levi B. Alricks* and *Lewis M. Neiffer*, for appellant.—The drawing of the dividends in July was an exercise of dominion over, and ownership of, the stocks standing on the books of the two banks in his name : Lonsdale Est., 29 Pa. 414.

The best evidence of ownership is the transfer on the books of the company: Baker v. Williamson, 4 Pa. 256.

To place reliance upon the answer of Thompson seems to require "a departure from moral axioms of belief," which is not the rule of equity in Pennsylvania: Roberts's Appeal, 85 Pa. 87 ; Pennington v. Gittings, 2 Gill & Johnston, 219 ; Zimmerman v. Streeper, 75 Pa. 147 ; Topley v. Topley, 31 Pa. 329 ; Black v. Nease, 37 Pa. 439 ; Larkin v. McMullin, 49 Pa. 34. The paper of May 31, 1893, was part of the res gestæ : Rouch v. Great Western Ry., 1 Q. B. Rep. 51 ; Ridley v. Gyde, 9 Bing. 349 ; Rawson v. Haigh, 2 Bing. 99 ; Tompkins

v. Saltmarsh, 14 S. & R. 275; Deardorf v. Hildebrand, 2 Rawle, 226; Cattison v. Cattison, 22 Pa. 277. The court gave too much weight to the answer: McCullough v. Barr, 145 Pa. 470; Robinson v. Hardin, 26 Ga. 345.

*William Gorman* and *Lyman D. Gilbert,* of *Weiss & Gilbert,* for appellee.—The learned court below having found in favor of defendants and against the plaintiff upon all the facts set out in the bill, and material to the issue, this Court will not set aside such findings except for plain and flagrant error: McMillin v. McMillin, 183 Pa. 91; Sheehan's Est., 139 Pa. 169; Brotherton Bros. v. Reynolds, 164 Pa. 134; Gibbons v. Gibbons, 175 Pa. 475; Best v. Best, 161 Pa. 515; Sproull's App., 71 Pa. 137; Christner v. John, 2 Pa. Superior Ct. 78; Pittsburg v. Maxwell, 179 Pa. 553; Kansas City, etc., R. R. Co. v. Berry, 53 Kansas, 112; Sullivan v. Susong, 36 S. Car. 287; Sheehan's Est., 139 Pa. 168; Drinkhouse's Est., 151 Pa. 294; Best v. Best, 161 Pa. 515; Boyertown Nat. Bank v. Hartman, 147 Pa. 558; Campbell v. Brown, 183 Pa. 112.

PER CURIAM, July 21, 1898:

Notwithstanding the clear and forcible argument of appellant's counsel, we are not convinced that there is any substantial error, either in the findings of fact or conclusions of law upon which the decree is based. On the contrary, a careful consideration of the record has led us all to the conclusions reached by the learned president of the common pleas that, in all the testimony relied on by the plaintiff, there is not "enough to overcome the presumption of innocence and of title in defendant arising from the possession of the certificates of stock, or the equivalent of one witness and strong corroborating testimony necessary to overcome the sworn statement of defendant in his answer that the name of Annie Blum was inserted in the transfers at Blum's request before they were signed, and that Blum signed, sealed and delivered them to his wife, Annie Blum, and that wherever it is averred otherwise in the bill the allegations are false and untrue;" and also, "that the name of Annie Blum was inserted in the transfer blanks contained on the back on the respective certificates of shares at the request of John M. Blum, and before he signed the transfers, and that he did so sign and

deliver them to Annie Blum with the purpose and effect of transferring the shares represented by the certificates to her, and that they thereupon became her property and were subject to her disposal, and were lawfully transferred by the corporations defendants to her."

These findings and conclusions were fully warranted by the pleadings and proofs, and necessarily lead to the final conclusion that the plaintiff failed to establish the fundamental fact upon which his case depended.

We find nothing in the case that requires extended discussion. The decree is affirmed on the opinion of the court below, and the appeal is dismissed at appellant's costs.